QIANWU YANG  (pro hac vice forthcoming)
yang@shm.law
**SHM LAW FIRM**
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Telephone: (650) 613-9737
Telephone: +8613925212009

*Attorneys for Plaintiff*
Yuanqu Hongyi Performing Arts Co., Ltd.

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| YUANQU HONGYI PERFORMING ARTS CO., LTD. | Case No.: **2:25-cv-2274** |
| Plaintiff, | **COMPLAINT** |
| vs. | DEMAND FOR JURY TRIAL |
| INTAKE BREATHING TECHNOLOGY, LLC and CASTILLO INVESTMENTS, L.P. | |
| Defendants. | |

COMPLAINT

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

Plaintiff Yuanqu Hongyi Performing Arts Co., Ltd. ("Plaintiff") hereby brings the present action against Defendants Intake Breathing Technology, LLC and Castillo Investments, L.P. (collectively, "Defendants") and alleges as follows:

### NATURE OF THE ACTION

1. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Act, 35 U.S.C. § 1 *et seq*. Plaintiff seeks declaratory judgments that U.S. Patent No. 10,556,095 ("the '095 Patent") is not infringed by Plaintiff's products ("Non-Infringing Products" or "Accused Products"). A true and correct copy of the '052 Patent is attached hereto as Exhibit 1.

2. This action further arises under the laws of the state of Washington. Plaintiff seeks an order remedying Defendants' tortious interference with Plaintiff's business expectancies.

### THE PARTIES

3. Plaintiff Yuanqu Hongyi Performing Arts Co., Ltd. is a Chinese company, with its principal place of business at Room 201, Unit 1, Building 7, Binhe Xindu, Dianli Road, Xincheng Town, Yuangu County, Yuncheng City, Shanxi Province, China.

4. Upon information and belief, Defendant Intake Breathing Technology, LLC, is a California limited liability company with its principal place of business at 614 Santa Barbara Street, Ste. A, Santa Barbara, CA 93101.

5. Upon information and belief, Defendant Castillo Investments, L.P. is a limited partnership with its principal place of business at 8300 Cat Canyon, Los Alamos, CA, 93440.

### JURISDICTION AND VENUE

6. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*. and the United States Patent Act, 35 U.S.C. § 1, *et seq.*. This Court has subject matter

COMPLAINT

1

jurisdiction over this action pursuant to 28 U.S.C. §§ 2201, 2202, 1331, and 1338(a) because an actual case or controversy currently exists between the Parties regarding the subject matter of this action, and the Court would have subject matter jurisdiction over this action if Defendants initiated suit for patent infringement.

7. This Court has subject matter jurisdiction over the state law claims asserted in this action pursuant to 28 U.S.C. § 1367(a) because they are so related to the declaratory judgment claims that they form part of the same case or controversy.

8. This Court has personal jurisdiction over Defendants because Defendants purposefully directed their conduct at Washington by initiating a patent infringement complaint with Amazon, which resulted in the removal of Plaintiff's Non-Infringing Products. Plaintiff's claims arise directly from Defendants' use of the patent infringement complaint program to effectuate delisting through Amazon, whose principal place of business is located in this District.

9. As widely known, Amazon's principal place of business is in Seattle, Washington, and on information and belief, Amazon administers the patent infringement complaint program in whole or in part from its Seattle offices. By choosing to initiate the patent infringement complaint process through Amazon, Defendant agreed to litigate related matters in this District and should reasonably expect to face litigation in this District.

10. In addition, Defendants' improper patent infringement complaint submitted through Amazon wrongfully caused the removal of Plaintiff's Non-Infringing Products, thereby unlawfully disrupting Plaintiff's ongoing and continuous commercial activities— specifically the marketing and sale of the Non-Infringing Products—within this District. Defendants' conduct was expressly aimed at this District, where Amazon is headquartered and where Plaintiff's sales activities were being carried out. As a result, the exercise of personal jurisdiction in this District

is reasonable. Accordingly, Defendants are subject to personal jurisdiction in this District.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

## FACTUAL BACKGROUND

### A. Plaintiff's Non-Infringing Products

12. Plaintiff Yuanqu Hongyi Performing Arts Co., Ltd. sells nasal strips on Amazon under the storefront "飞龙商贸 QS." The corresponding Amazon Standard Identification Numbers ("ASINs") include but not limited to B0FVSGZJKR.

13. On or about November 12, 2025, Plaintiff received a notification from Amazon. This notice informed Plaintiff that Amazon removed Plaintiff's listing, ASIN B0FVSGZJKR, because of the alleged infringement of the '095 Patent. The rights owner's name indicated in the Amazon notice is Ben Cabanez and the email address is ben@intakebreathing.com.

14. The Amazon marketplace constitutes Plaintiff's sole sales channel into the United States. To remain competitive in the United States market for nasal strips, Plaintiff needs those Non-Infringing Products listed in the Amazon marketplace.

15. As a direct result of Defendants' infringement complaint to Amazon, Plaintiff's Non-Infringing Products were removed from the marketplace, effectively cutting off its sole channel of trade. Defendants' baseless complaint has been causing Plaintiff immediate, irreparable, and substantial harm.

16. Upon information and belief, Defendants did not obtain samples of Plaintiff's Non-Infringing Products prior to filing its complaint with Amazon alleging Plaintiff's infringement.

### B. The Patent-In-Suit - U.S. Patent No. 10,556,095

17. The '095 Patent, entitled "Goggle Breathing System," was filed with the USPTO

on July 14, 2015. The '095 Patent was issued on February 11, 2020. See Exhibit 1.

18. The '095 Patent lists James D. Castillo as the Applicant and Inventor. See Exhibit 1.

19. Defendants are assignees of the '095 Patent. See Exhibit 2.

20. Claims 1, 7 and 10 are the only independent claims of the '095 Patent.

21. The '095 Patent is alleged to be a continuation-in-part of Application No. 14/622,448 (Patent No. 9,283,106), which is a continuation-in-part of Application No. 14.502,348 (Patent No. 9,675,493), which claims priority from Application Nos. 61/918,826 and 61/937,018. The '095 Patent alleges a priority date of December 20, 2013.

## COUNT I

## Declaratory Judgment of Non-Infringement of U.S. Patent No. 10,556,095

22. Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth herein and incorporate them by reference.

23. Plaintiff has not infringed and does not infringe any valid and enforceable claim of the '095 Patent whether directly, contributorily, or by inducement, literally or under the doctrine of equivalents, including through the making, use, importation into the United States, sale, and/or offer for sale of Plaintiff's Non-Infringing Products.

24. The Non-Infringing Products do not infringe independent claims 1 and 7 of the '095 Patent either literally or under the doctrine of equivalents because, at least, the metallic element of the Non-Infringing Products is coupled to the first surface, rather than the second surface.

| | |
|---|---|
| second surface<br>metallic element<br>first surface | The metallic element of the Non-Infringing Products is coupled to the first surface of the base layer instead of the second surface.<br><br>The metallic element of the Non-Infringing Products does not include a metallic disk because the limitations of "metallic element" and "metallic disk" should be distinct from each other. See *Dickinson & Co. v. Tyco Healthcare Grp., LP*, 616 F.3d 1249, 1254 (Fed. Cir. 2010) (where claim language lists elements separately, the clear implication of the claim language is that those elements are distinct components of the patented invention). |

25. The Non-Infringing Products do not infringe independent claim 10 of the '095 Patent either literally or under the doctrine of equivalents because, at least, the Non-Infringing Products do not have a "breathing enhancement system for use with eyewear having a compressible liner." Claim 10 pertains to a different technology from that of the Non-Infringing Products, which do not satisfy most of the limitations recited in the claim.

26. An actual and justiciable case or controversy therefore exists between Plaintiff and Defendants regarding whether the Non-Infringing Products have infringed the claims of the '095 Patent. Declaratory relief is thus appropriate and necessary to establish that the making, using, importation, sale, or offer for sale of the Non-Infringing Products does not infringe, directly or

indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '095 Patent. Plaintiff is entitled to a judgment declaring that they have not infringed and will not infringe any claim of the '095 Patent.

## COUNT II

### Tortious Interference With Business Expectancy

27. Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth herein and incorporate them by reference.

28. Plaintiff has a valid contractual relationship with Amazon and an expectancy of sales of its nasal stripes.

29. Defendants knowingly and intentionally interfered with Plaintiff's valid and existing business relationships and expectancy of sales of its nasal stripes, including the Non-Infringing Products, via Amazon for an improper purpose and by improper means, causing Amazon to remove the ASINs for the Non-Infringing Products. Defendants' wrongful interference has resulted in damages from Plaintiff's lost sales of the Non-Infringing Products and associated products.

30. As discussed above, Defendants lack an objectively reasonable basis to accuse Plaintiff's Non-Infringing Products of infringing the '095 Patent.

31. As a direct and proximate result of Defendants' tortious interference, Plaintiff has suffered damages, including significant lost sales of the Non-Infringing Products and other related products, resulting in lost revenue and profits directly attributable to those lost sales. The exact amount of these damages will be proven at trial and cannot be fully measured or compensated in economic terms alone.

COMPLAINT

6

SHM LAW FIRM
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A. A judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of Plaintiff's Non-Infringing Products have not infringed and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '095 Patent;

B. A permanent injunction enjoining Defendants from asserting the '095 Patent against Plaintiff's Non-Infringing Products;

C. An award of monetary damages sufficient to compensate Plaintiff for Defendants' tortious interference;

D. A finding that this is an "exceptional case" under 35 U.S.C. § 285;

E. An award of reasonable attorneys' fees, to the extent authorized by law;

F. An award of Plaintiff's costs in this action;

G. All such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: November 14, 2025

          LAW OFFICE OF CARL J. MARQUARDT, PLLC

By: */s/ Carl J. Marquardt*
Carl J. Marquardt (WSBA #23257)
1126 34th Avenue, Suite 311
Seattle, WA 98122
Tel. 206-388-4498
carl@cjmpllc.com

Qianwu Yang  (pro hac vice forthcoming)
SHM LAW FIRM
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Telephone: (650) 613-9737
Telephone: +8613925212009
yang@shm.law

*Attorneys for Plaintiff*
Yuanqu Hongyi Performing Arts Co., Ltd.